Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tisha Jamison*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TISHA JAMISON,<br><br>             Plaintiff,<br><br>v.<br><br><br>MERRICK BANK,<br><br>             Defendant. | Case No.: 2:20-cv-7459<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788<br>3. Intrusion Upon Seclusion – Invasion of Privacy |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tisha Jamison ("Plaintiff" or "Ms. Jamison"), through her attorneys, alleges the following against Defendant Merrick Bank, ("Merrick" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute

that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Jurisdiction of this Court also arises under 28 U.S.C. § 1332 because (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) Plaintiff and Defendant are citizens of different States.

6. Supplemental jurisdiction of this Court also arises under 28 U.S. Code § 1367 as the State Law claims are so related to the claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Defendant transacts business here; therefore, personal jurisdiction is established.

## **PARTIES**

9. Plaintiff is a natural person residing in California.

10. Plaintiff is a debtor as defined by Cal. Civ. Code § 1788.2(h).

11. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

14. At all relevant times herein, Defendant Merrick, was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served with process through at its principle place of business located at 10705 South Jordan Gateway, Suite 200, South Jordan UT 84095.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged debt from Ms. Jamison.

17. In or around October 2019, Merrick began placing calls to Ms. Jamison's cellular phone number ending in 1847.

18. The calls placed by Defendant originated from (866) 452-1144; (866) 341-5762; (866) 452-1145; (866) 341-5762; (866) 523-9144; (866) 529-9848; (877) 487-5597; (866) 831-8898; (866) 456-8600 and (877) 655-4496. Upon information and belief, these numbers are owned or operated by Defendant.

19. On or about October 13, 2019, at approximately 5:12 p.m., Ms. Jamison answered a call from Defendant. Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

20. Defendant's representative informed Ms. Jamison that Merrick was attempting to collect a debt.

21. During that call, Ms. Jamison told the representative that she was experiencing a financial hardship and could not make a payment. She stated

that she was the only one working because her husband had surgery and retired.

22. Additionally, Ms. Jamison unequivocally revoked consent to be contacted on her cell phone and stated she would call Defendant when she could make a payment.

23. In response, the representative confirmed Plaintiff's mailing address before the conversation ended.

24. Despite Ms. Jamison expressly revoking her consent to be called, Defendant continued its harassing campaign of automated debt collection calls.

25. Again, on or about March 8, 2020, 2019, at 1:17 p.m., Ms. Jamison answered another call from Defendant. Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

26. Defendant's representative informed Ms. Jamison that it was attempting to collect a debt.

27. During that call, Ms. Jamison indicated that she could not make a payment and has not been to work because she had a hip replacement.

28. Additionally, Ms. Jamison told the representative that she was stressed worrying about the situation.

29. In the time between Ms. Jamison's first revocation, on October 13, 2019, and her second revocation, on March 8, 2020, her financial hardship had significantly worsened.

30. Ms. Jamison had her hip replaced in November 2019. Before her surgery, Plaintiff experienced financial hardship that rendered her unable to make regular payments to Merrick.

31. But by November 2019, Plaintiff's household was unable to earn any income for several months. Plaintiff knew there was no way she could afford to make a payment until she was healthy enough to return to work.

32. Despite knowing that Ms. Jamison was experiencing health-related financial hardship, Merrick continued to call her cellular phone on a regular basis.

33. Between October 13, 2019 and March 29, 2020, Merrick called Ms. Jamison approximately **one hundred and fifty (150) times** without her consent.

34. Defendant called Ms. Jamison nearly every day, sometimes twice per day.

35. Upon information and belief, Defendant even left numerous pre-recorded voicemails on Ms. Jamison's cellular phone.

36. Upon information and belief, Defendant also placed calls to third parties in an attempt to collect on the alleged debt from Plaintiff.

37. Ms. Jamison suffers from lupus, an autoimmune disorder that is aggravated by stress. Merrick's relentless automated debt collection calls caused Plaintiff's lupus to flare up.

38. Additionally, Plaintiff is prescribed anti-depressants and anxiety medication to help cope with stress and her surgery. The relentless debt collection calls caused additional Ms. Jamison additional stress and she began to take the prescription medication as a result of Defendant's conduct.

39. Merrick's incessant phone calls exacerbated the existing stress and emotional pain stemming from Ms. Jamison's health issues.

40. Defendant's conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

41. As a result of Defendant's conduct, Ms. Jamison has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, anxiety, headaches, and frustration.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

44. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for

each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated Cal. Civ. Code § 1788.11(e), by communicating by telephone with a debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

   c. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 when it violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

      ii. Defendant violated CAL. CIV. CODE § 1788.17 when it violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 when it violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

47. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III

**(Intrusion Upon Seclusion)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

51. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Ms. Miller's revocation of consent to be called.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after revoking consent to be called constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's daily schedule.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tisha Jamison respectfully requests judgment be entered against Defendant Merrick Bank, for the following:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    B. Declaratory judgment that Defendant violated the RFDCPA;

    C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

    D. Actual damages pursuant to Cal. Civ. Code §1788.30(a) and § 1788.30(b);

    E. Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code §1788.30(c);

    F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

Dated: August 18, 2020

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tisha Jamison*